**HLD-005**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3367
_____

IN RE: EDWARD McLAUGHLIN,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Crim. No. 3-12-cr-00179-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 3, 2022

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, PORTER and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 12, 2022)
_____

OPINION[*]
_____

PER CURIAM

   Petitioner Edward McLaughlin filed a mandamus petition requesting that we direct

the District Court to rule on his pending motion to vacate his sentence pursuant to 28

U.S.C. § 2255.  By order entered June 16, 2022, the District Court denied McLaughlin's

§ 2255 motion in part and granted it in part.  That same day, the District Court entered an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Amended Judgment in McLaughlin's criminal case and sentenced him to 180 months in prison followed by three years supervised release.

In light of the District Court's action, McLaughlin's mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").